IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**JOSE PUERTO, VERONICA LUNA,
HAZELL MEJIA, IRIS CALIX**, and all
others similarly situated under 29 U.S.C. §
216(b),

   Plaintiffs,

      vs.

**RINCONCITO SUPERLATINO 4, LLC**
and **BENEDICTO MORENO,** an individual,

   Defendants.

_____/

## COMPLAINT UNDER 29 U.S.C. ss 201-16 OVERTIME WAGE AND MINIMUM WAGE VIOLATIONS

Plaintiffs, **JOSE PUERTO, VERONICA LUNA, HAZELL MEJIA**, and **IRIS CALIX**, on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, file this Complaint against Defendants **RINCONCITO SUPERLATINO 4, LLC** and **BENEDICTO MORENO**, and allege:

### JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. This Court has jurisdiction under 29 U.S.C. § 216(B).

2. The Plaintiffs JOSE PUERTO, VERONICA LUNA, HAZELL MEJIA, AND IRIS CALIX were each residents of Miami-Dade County, Florida at the time the dispute arose and each is *sui juris*.

3. The Defendant RINCONCITO SUPERLATINO 4, LLC regularly transacts business in

Miami-Dade County. the Defendant Corporation was the Plaintiffs' FLSA employer during Plaintiffs' relevant period of employment ("the relevant time period").

4. The Defendant BENEDICTO MORENO is a corporate officer and/or owner and manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by 29 U.S.C. § 203 (d).

5. Venue is proper in this Court because Plaintiffs were residents of Miami-Dade County, Florida, at the time the dispute arose, the Defendant does business in Miami-Dade, Florida, and the events giving rise to these claims occurred within Miami-Dade County, Florida.

6. Plaintiffs worked for Defendants in their restaurants.

7. Plaintiff JOSE PUERTO worked for Defendants as a sandwich maker from on or about February 10, 2011 through on or about October 4, 2019.

8. Plaintiff VERONICA LUNA worked for Defendants as a food server from on or about September 17, 2012 through on or about October 7, 2019.

9. Plaintiff HAZELL MEJIA worked for Defendants as a food server from on or about September 20, 2012 through on or about October 3, 2019.

10. Plaintiff IRIS CALIX worked for DEFENDANTS as a food server from on or about October 20, 2013 through on or about October 4, 2019.

11. The acts and/or omissions giving rise to this Complaint arose in Miami-Dade County.

## COUNT I. INTENTIONAL MISFILING OF 1099'S PURSUANT TO 26 U.S.C. § 7434

12.     Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 11 as though fully set forth herein.

13.     In 2018 Defendant Moreno asked Plaintiffs for their passports for identification purposes only.  However, Defendant Moreno unilaterally applied to have each of the Plaintiffs issued a taxpayer identification number so that he could start reporting their income on forms 1099, even though deductions were made from all of their wages as W-2 employees. Additionally, Plaintiff Calix already had a TIN.

14.     Additionally, Defendants over reported Plaintiffs Luna, Mejia, and Calix's wages by over reporting their earnings for tips.

**WHEREFORE,** Plaintiffs request statutory damages in the amount of $5000 each and reasonable attorneys fees pursuant to 26 U.S.C. § 7434, and any other applicable authority, and damages for over reporting Plaintiffs Luna, Mejia, and Calix's wages, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. **Plaintiffs request a trial by jury.**

## COUNT II. FEDERAL OVERTIME WAGE VIOLATION AS TO PLAINTIFFS LUNA AND CALIX ONLY

15.     Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 11 as though fully set forth herein.

16.     This action arises under the laws of the United States.

17.     This case is brought as a collective action under 29 U.S.C. § 216(b).  It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

18. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section 216 for jurisdictional placement).

19. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

20. Plaintiffs Luna and Calix worked for Defendants as food servers in Defendants' restaurant.

21. As food servers, Plaintiffs' job duties required of them by Defendants, along with other employees, included serving foods obtained from local, national, and international sources, to customers who were local, national, and international residents.

22. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods Plaintiffs used on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

18. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiffs did thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

19. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, 2018 and expects the same for 2019.

20. Throughout their employment with Defendants, each Plaintiff worked more than 40 hours per week for at least some weeks each month.  From the beginning of her employment on September 12, 2012 through some time in 2016, Plaintiff Luna worked 56 hours per week without being paid for any overtime.  From some point in 2016 through the termination of her employment on or about October 7, 2019, Plaintiff Luna worked approximately 48 hours per week for Defendants for two weeks of the month.   Plaintiff Calix worked approximately 44 hours per week for Defendants.

21. The Plaintiffs were not paid overtime for any hours over 40 hours per week, so they are owed half-time for all hours they worked over forty each week, as required by the Fair Labor Standards Act. Plaintiffs, therefore, claim the halftime rate required by the Fair Labor Standards Act.

22. Defendant willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant through each Plaintiff's termination date of October 7, 2019 and October 4, 2019 respectively.

**WHEREFORE**, Plaintiffs request liquidated damages and reasonable attorney fees from Defendant under the Fair Labor Standards Act (FLSA), Fla. Const. art. X § 24, Fla. Stat. § 448.109, and any other applicable authority, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. **The Plaintiffs request a trial by jury.**

### COUNT III. FEDERAL MINIMUM WAGE VIOLATION AS TO PLAINTIFFS LUNA, MEJIA, AND CALIX ONLY

23. Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 11 as though fully set forth herein.

24. This action arises under the laws of the United States.

25. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

26. 29 U.S.C. § 206(a)(1) states "… an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce…" On July 24, 2009, Federal minimum wage was raised to $7.25/hr, where it has remained since that time.

27. Plaintiffs Luna, Mejia, and Calix worked for Defendants as food servers. As food servers, Plaintiffs' job duties required of them by Defendants, along with other employees, included serving foods obtained from local, national, and international sources, to customers who were local, national, and international residents.

28. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected

interstate commerce for the relevant time period because the materials and goods Plaintiffs used on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

29. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiffs did thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

30. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, 2018 and expects the same for 2019.

31. Plaintiff Luna was paid $4.72 per hour for her work for Defendants from September 12, 2012 through some time in 2016. From some time in 2016 through her termination on or about October 7, 2019, Plaintiff Luna was paid $5.23 per hour for her work for Defendants. Defendants never gave Plaintiff Luna notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

32. Plaintiff Mejia was paid $5.23 per hour for her work for Defendants. Plaintiff Mejia worked for Defendants from on or about September 20, 2012 through on or about October 3, 2019. Defendants never gave Plaintiff Mejia notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

33. Plaintiff Calix was paid $5.25 per hour for her work for Defendants. Plaintiff

Calix worked for Defendants from on or about October 20, 2013 through on or about October 4 2019. Defendants never gave Plaintiff Calix notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

34. The payment of Plaintiffs Luna, Mejia, and Calix by Defendants did not meet the applicable Florida Minimum Wage required for said period of time. Therefore, Plaintiffs claim the difference between the amounts paid the Plaintiffs and the applicable Florida minimum wage for all hours worked for the relevant time periods. Plaintiffs are, therefore, claiming federal minimum wage violations using the Florida minimum wage pursuant to 29 C.F.R. s. 541.4 and 29 C.F.R. s. 778.5.[1]

35. Defendants willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time periods specified above.

**WHEREFORE**, Plaintiffs Luna, Mejia, and Calix request double damages and reasonable attorneys' fees from the Defendants pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, interest, and any other relief that his Court finds reasonable under the circumstances. **The Plaintiffs request a trial by jury.**

## COUNT V. CONVERSION

---

[1] Letters regarding the Florida minimum wage violations are being sent to the Defendants, and the Complaint will be amended accordingly under the appropriate state minimum wage law.

36. Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 11 as though fully set forth herein.

37. Defendants withheld money from all of Plaintiffs' paychecks allegedly to pay to the United States government on Plaintiffs' behalf for Plaintiffs' federal income, social security, and medicare taxes.

38. Defendants never paid any taxes on behalf of Plaintiffs.

39. All of the money that Defendants withheld from Plaintiffs' paychecks that was supposed to be paid to the United States government on Plaintiffs' behalf was converted by the Defendants for their own use.

40. Plaintiffs were damaged by Defendants' conversion of the money that was withheld from Plaintiffs' paychecks because Plaintiffs were entitled to either receive that money themselves or to have that money paid to the government on their behalf.

**WHEREFORE**, Plaintiffs request damages from the Defendants in the amount that was improperly withheld from their paychecks plus court costs and interests, and any other relief that his Court finds reasonable under the circumstances.  **The Plaintiffs request a trial by jury.**

Respectfully submitted this 24th day of December, 2019,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300 71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
T: 305-865-6766
F: 305-865-7167

By: __/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar No.: 0010121