United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Puerto and others, Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 19-25282-Civ-Scola |
| ) | |
| Benedicto Moreno and Rinconcito ) | |
| Superlatino 4, LLC, Defendants. ) | |

**Order Denying Motion For Reconsideration**

This matter is before the Court upon the Plaintiffs' motion to reconsider the Order dismissing Defendant Rinconcito Superlatino 4, LLC ("Rinconcito"). (Pl.'s Mot. for Recons., ECF No. 30; Order, ECF No. 27.) Rinconcito responded to the motion. (Def.'s Resp., ECF No. 35.) The Plaintiffs did not file a reply and the time to do so has passed. Having reviewed the motion, the record, and the relevant legal authorities, the Court denies the motion (ECF No. 30).

On March 4, 2020, the Court dismissed Rinconcito from this case after the Plaintiffs violated this Court's Order with respect to default judgment procedures. Previously, on January 31, 2020, the Court ordered the Plaintiffs to file either a notice of joint liability or a motion for default judgment as to Rinconcito by no later than February 14, 2020. (ECF No. 18.) The Court expressly cautioned the Plaintiffs that the failure to do so "within the specified time will result in a **dismissal without prejudice** as to" Rinconcito. (*Id.* (emphasis in original).) On the deadline, the Plaintiffs filed a motion for extension of time to file their motion for default judgment up to and including February 21, 2020. (ECF No. 20.) The Court granted the Plaintiffs' motion and extended the due date accordingly. (ECF No. 21.) However, February 21st came and passed. After waiting nearly two weeks for any activity from the Plaintiffs, on March 4, 2020, the Court dismissed Rinconcito from this action as it expressly warned the Plaintiffs it would. (ECF No. 27.) Then, on March 13, 2020, the Plaintiffs moved for the Court to reconsider its Order dismissing Rinconcito on the basis that "counsel inadvertently failed to calendar that new deadline." (ECF No. 30.)

"Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (Altonaga, J.) (internal quotation marks and citations omitted). Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Here, the Plaintiffs seek reconsideration to prevent the purported "manifest injustice" of being required to "refile the Complaint against" Rinconcito. (ECF No. 30 at 2. (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (Gold, J.) (citations omitted)).) Federal Rule of Civil Procedure 60(b) allows the Court to vacate a previous order for, among other reasons, "excusable neglect." Fed. R. Civ. P. 60(b)(1). Determining excusable neglect is an equitable determination, considering "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The equities in this case do not weigh in favor of vacating the dismissal order.

First, the inadvertent failure to calendar the motion deadline, which the Plaintiffs specifically requested in their motion for an extension of time, was not excusable neglect. *See, e.g., Sream, Inc. v. Ecstasy Fashion II, Inc.*, Case No. 18-CV-61216-BB, 2018 WL 10374693, at *2 (S.D. Fla. Sept. 19, 2018) (Bloom, J.) (denying motion for relief from judgment where plaintiffs "provided no other reason to the Court [for failing to meet deadlines] apart from their system's failure to properly calendar the requisite deadlines"); *Melgar v. M.I. Quality Lawn Maint., Inc.*, Case No. 09-22243, 2010 WL 11553187, at *2 (S.D. Fla. Dec. 8, 2010) (Seitz, J.) (denying motion for relief from judgment where plaintiffs claimed that "failure to respond [to motion to dismiss] resulted from a calendaring error"). Second, requiring the Plaintiffs to refile their complaint against Rinconcito is not a "manifest injustice." *See Catalyst Pharm., Inc. v. Fullerton*, No. 16-25365-CIV, 2017 WL 6558398, at *2 (S.D. Fla. Nov. 7, 2017) (Altonaga, J.) (finding no manifest injustice where "Plaintiff is free to re-file its suit"), *aff'd*, 748 F. App'x 944 (11th Cir. 2018). Additionally, this case is not over. The Plaintiffs are still proceeding against Defendant Benedicto Moreno, who has appeared in this action through counsel. Third, the Plaintiffs offered no explanation for why their counsel failed to comply with the Court's Order for nearly two weeks after they were warned of the impending dismissal, nor did they explain why they took

an additional week to seek reconsideration after the dismissal Order was entered. These points were raised in the Defendant's response in opposition to the motion, and the Plaintiffs chose not to address them in a reply. The Court declines to grant the Plaintiffs' request for a de facto one-month extension of the time to file a perfunctory notice, especially given the total absence of any explanation for why denying the motion would result in any "manifest injustice."

Accordingly, the Court **denies** the motion (**ECF No. 30**).

**Done and ordered** at Miami, Florida, on May 7, 2020.

_____
Robert N. Scola, Jr.
United States District Judge