UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:19-CV-25282-RNS

VERONICA LUNA, HAZELL MEJIA, IRIS )
CALIX, and all others similarly situated under )
29 U.S.C. § 216(b), )
 )
       Plaintiffs, )
 )
v. )
 )
RINCONCITO SUPERLATINO 4, LLC, a )
limited liability company f/k/a )
RINCONCITO SUPERLATINO 4, INC., a )
Florida corporation, and )
BENEDICTO MORENO, an individual, )
 )
       Defendants. )
_____)

## DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT
## AND INCORPORATED MEMORANDUM OF LAW

Defendants, RINCONCITO SUPERLATINO 4, LLC and BENEDICTO MORENO ("Defendants"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure Rule 56 and S.D. Fla. L.R. 56.1, hereby move for final summary judgment on Plaintiffs VERONICA LUNA, HAZELL MEJIA, and IRIS CALIX's ("Plaintiffs") claims that Defendants violated certain provisions of the Fair Labor Standards Act ("FLSA"), and the Florida Minimum Wage Act, Florida Statute § 448.110 ("FMWA"). As set forth in detail hereinafter, Defendants are entitled to summary judgment as a matter of law because there can be no genuine dispute as to any material fact that the alleged violations occurred.[1]

---

[1] Plaintiffs have voluntarily dismissed JOSE PUERTO from their latest operative Complaint apparently because Mr. Puerto accepted an offer of judgment (even though the Court has not entered a Judgment as to Mr. Puerto yet). Thus, this motion relates to the Plaintiffs' Second Amended Complaint (D.E. # 70) only.

1

## INTRODUCTION

Plaintiffs filed their initial complaint on December 24, 2019. Discovery in this matter closed on June 26, 2020, and trial is scheduled to commence November 9, 2020. There have been nine (9) depositions taken in this matter. The Parties have had sufficient opportunity to conduct discovery and have in fact requested multiple sets of interrogatories and requests for production of documents and have attended a discovery hearing on outstanding issues. This matter is therefore ripe for summary judgement of material facts of which there is not a genuine issue of dispute in the record. At this juncture, Defendants are entitled to final summary judgment as a matter of law because:

1. Plaintiffs Veronica Luna ("Luna") and Hazell Calix's ("Calix) overtime wage claims, which predate December 24, 2016 are time barred by the FLSA's 3-year maximum statute of limitations;

2. The record is absent of evidence to support Plaintiffs Luna and Calix's mere allegations that their time records were manipulated to remove hours worked over 40 in a workweek; and

3. The record is absent of any specific facts or affirmative evidence to support Plaintiffs' allegations that they were not provided the requisite notice under the tip credit law and are therefore entitled to federal and Florida state minimum wages.

After having ample opportunity to conduct discovery, Plaintiffs' record evidence proves that Plaintiffs will not be able to present sufficient evidence to a fact-finder to show that they are entitled to unpaid overtime and minimum wages.

Defendants support this dispositive motion with its contemporaneously filed Statement of Material Facts, pursuant to Local Rule 56.1, identifying and attaching all cited and supporting

evidence thereto and using short, concise, and separately numbered statements of material facts, summarized and referenced herein as "(SMF __)."

## MEMORANDUM OF LAW

### A. Summary Judgment Standard

The Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had ample opportunity to conduct discovery, as Plaintiffs have had here, he must come forward with affirmative evidence to support his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577

(11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

### B. Argument

**I. Pursuant to the FLSA's 3-year maximum statute of limitations, Defendants are entitled to summary judgment as a matter of law for Plaintiffs Luna and Calix's alleged overtime wages which predate December 24, 2016, under Count I of the Complaint.**

In pertinent part, 29 U.S.C. § 255(a) states "every [cause of action for overtime wages] shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." Rule 3 of the Federal Rules of Civil Procedure states that "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. Proc. 3. Here, Plaintiffs commenced their cause of action when they filed their initial Complaint against Defendants on December 24, 2019. (SMF 1). Thus, at most, Plaintiffs Luna and Calix are only entitled to those overtime wages earned within the FLSA's maximum three-year statute of limitations, from December 24, 2016 or 3 (three) years from the date of the filing of the Complaint.

Pursuant to Count I of Plaintiffs' Second Amended Complaint, Plaintiffs Luna and Calix seek to recover unpaid overtime wages accumulated before December 24, 2016. (SMF 1). Particularly, Plaintiff Luna seeks alleged unpaid overtime wages earned "between the period of on or about September 12, 2012" and her date of termination, October 7, 2019. Second Amended Complaint. (SMF 1, 2 and 3). Plaintiff Calix seeks alleged unpaid overtime wages earned "[b]etween the period of on or about December 24, 2014" and her date of termination, October 4, 2019. Second Amended Complaint. (SMF 1, 2 and 4). Defendants raised the statute of limitations as an affirmative defense when answering Plaintiffs' Complaint. (SMF 5). Plaintiffs failed to submit a reply pleading in avoidance of Defendants' affirmative defenses, and therefore waived

4

any argument to extend the statute of limitations. (SMF 6); *Burton v. Linotype Co.*, 556 So. 2d 1126, 1128 (Fla. 3d DCA 1989) (affirming summary judgment for lessor because lessees waived avoidance of lessor's affirmative defense by failing to plead it in a reply); *Reno v. Adventist Health Sys./Sunbelt, Inc.*, 516 So. 2d 63, 65 (Fla. 2d DCA 1987) ("By having failed to reply to the [affirmative] defense, plaintiff would not be entitled at trial to raise new matters in avoidance thereof"). Accordingly, Plaintiffs Luna and Calix's claims for overtime wages predating December 24, 2016 are time barred by the applicable FLSA statute of limitations.

As a matter of law, Defendants are not liable for Plaintiffs Luna and Calix's overtime wages earned before December 24, 2016. Accordingly, there are no genuine issues of material fact concerning such wages, and Defendants are entitled to partial summary judgment.

**II. Summary judgment should be entered as to Count I of the Complaint for alleged unpaid overtime wages accumulated from December 24, 2016, because Defendants did not manipulate Plaintiffs Luna and Calix's time and wage records.[2]**

The FLSA provides that employers shall not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours . . . specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). In order to establish a prima facie case of unpaid overtime wages pursuant to the FLSA, a plaintiff must therefore demonstrate that "(1) he or she worked overtime without compensation; and (2) the [employer] knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007). The plaintiff bears the initial burden of proving that she performed unpaid overtime work.

---

[2] Defendants state the same arguments made under Section II of this Final Motion for Summary Judgment in defense of and response to Plaintiffs' mere allegations that Defendants deflated Plaintiffs' work hours or failed to pay Plaintiffs for hours worked, made under Courts 2 and 3 of Plaintiffs' Second Amended Complaint. (D.E. 70 at p. 9 ¶ 42 and p. 15 ¶ 74).

5

*Straley v. Ferrellgas, Inc.*, No. 8:08-cv-2460-T-26MAP, 2009 U.S. Dist. LEXIS 136938, at *4 (M.D. Fla. Sep. 16, 2009). If the employer maintains time records, the employee must introduce evidence to call such records into question. *Id*. Courts may "disregard self-serving testimony that is 'blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed." *Schultz. v. Amer. Airlines, Inc.*, 2020 U.S. Dist. LEXIS 1136, *21 (S.D. Fla. 2020) (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013)). Furthermore, a court "need not entertain conclusory and unsubstantiated allegations of fabrication of evidence." *Feliciano*, 707 F.3d at 1252-53; (citing *Kingsland v. City of Miami*, 382 F.3d 1220, 1227 n.8 (11th Cir. 2004)); *see also Cooper v. Southern Co.*, 390 F.3d 695, 745 (11th Cir. 2004) (holding that summary judgment was appropriate where the plaintiff relied on conclusory assertions that were based entirely on her own subjective beliefs); *Stewart v. Booker T. Wash. Ins.*, 232 F.3d 844, 851 (11th Cir. 2000) (holding that "bare and self-serving" allegations that are not based on personal knowledge are inadequate to survive summary judgment).

The depositions of Plaintiffs, Defendants, Defendants' manager employees, and Defendants' accountant were taken in this matter. The witnesses and parties testified that Defendants' employees schedules were kept via a time keeping system which allowed employees to clock-in and clock-out. (SMF 7). Defendants produced 516 pages of documents, representing time and wage records for Plaintiffs during the relevant time period of their employment with Defendants. (SMF 8, 9 and 10).[3] Plaintiffs' baseless and conclusory allegations that Defendants

---

[3] Records for Jose Puerto are not included because Plaintiffs' Second Amended Complaint does not include Plaintiff Jose Puerto as a party.

"manipulated and removed" (and deflated) hours they worked are blatantly contradicted by the record.

During deposition, Plaintiff Luna alleged Defendants manipulated the hours she imputed into Defendants' timekeeping system to the extent that she did not receive proper overtime compensation. (SMF 11). However, when asked whether she has any evidence to support her claim that her time was manipulated, Luna specifically stated that "[n]o, I don't have any proof with papers or with a document." (SMF 12). Moreover, Luna does not claim to have personal knowledge of any alleged manipulation, and further admits that she never complained to Defendants about the purported manipulation. (SMF 13 and 14). When questioned regarding her schedule, Plaintiff Luna testified that she typically worked 2:45 pm to 10:30 pm Tuesdays, Wednesdays, Thursdays, and Fridays, and from 6:45 am to 3:00 pm on Sundays. (SMF 15). The time and wage records which detail Plaintiff Luna's clock-in and clock-out times, during the relevant time period of December 24, 2016 until October 7, 2019, correspond with Plaintiff Luna's schedule, and do not evidence any manipulation of time. (SMF 16).

Plaintiff Calix also alleges that Defendants manipulated the hours she imputed into Defendants' timekeeping system for the purposes of not paying her overtime compensation. (SMF 17). In support of her allegation, Calix conclusively states that "[s]ince [she] never saw [the documents], this is what they manipulated." (SMF 18). Calix's self-serving deduction that, because she never saw certain documents, they must have been manipulated, does not sufficiently call into question the validity of the time records produced by Defendants. Furthermore, when questioned regarding her schedule, Plaintiff Calix testified that she typically worked 80 hours per week, Mondays from 2:45 pm to 10:00 pm or 10:30 pm, Tuesdays and Fridays from 6:45 am – 3:30 pm, and Saturdays and Sundays from 6:30 am – 3:30 pm. (SMF 19). Again, Plaintiff Calix's clock-in

7

and clock-out times, during the relevant time period of December 24, 2016 until October 4, 2019, shown in her time and wage records correspond with her schedule, and do not evidence any manipulation of Plaintiff Calix's time. (SMF 20).

Clearly, Plaintiffs have failed to present evidence sufficient to support their claims for overtime wages. In fact, Plaintiffs Luna and Calix have failed to provide any evidence supporting their self-serving, unsubstantiated, and wholly conclusory allegation that their hours reported were subsequently manipulated by Defendants. Instead, if we look at the record evidence, which consist of Plaintiffs Luna and Calix's own recitation of their schedules, and the time and wage records, the record concretely shows that Plaintiffs Luna and Calix's records were not manipulated and that they were fully paid premium wages for their overtime hours worked.

There are no genuine issues of material fact concerning Plaintiffs Luna and Calix's overtime wages earned from December 24, 2016. Defendants are therefore entitled to summary judgment as a matter of law finding that they are not liable to these Plaintiffs for overtime wages.

### III. Defendants did not violate the Florida Minimum Wage Act or 29 U.S.C. § 206 of the FLSA because Defendants did not fail to pay Plaintiffs, who were tipped employees, their hourly minimum wage.

Generally speaking, "[t]he FMWA is to be interpreted as consistent with the FLSA." *Llorca v. Sheriff, Collier Cnty.*, 893 F.3d 1319, 1328 (11th Cir. 2018). Pursuant to the FLSA, employers are required to pay employees the applicable minimum hourly wage. *See* 29 U.S.C. § 206(a)(1)(C). To allege a prima facie claim for FLSA minimum wage violations, a plaintiff must show that: (1) she was an employee of the defendant, (2) the defendant was an enterprise engaged in commerce or in the production of goods for commerce; and (3) the defendant failed to pay the plaintiff the minimum wage required by law. *Santana v. Duke, LLC*, No. 2:16-cv-190-FtM-99MRM, 2017 U.S. Dist. LEXIS 93094, at *9 (M.D. Fla. May 16, 2017); *see* 29 U.S.C. § 206(a).

8

The applicable minimum hourly wage, however, does not apply if the employee is a tipped employee. *Gutierrez v. Galiano Enters. of Miami, Corp.*, 2019 U.S. Dist. LEXIS 95654 *14 (S.D. Fla. Jun. 7, 2019). Here, Defendants admit that Plaintiffs were its employees and have stipulated as to enterprise coverage. *See* D.E. 63, Stipulation as to Enterprise Coverage and Jurisdiction.

Pursuant to the FLSA, FMWA, and Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution, employers in Florida are permitted to claim a tip credit for its tipped employees, and pay such employees $3.02 less than the Florida minimum wage for hours worked. *See* 29 U.S.C. § 203(m). To utilize the tip credit allowance, the employer must show: (1) the employee at issue is a tipped employee, (2) the employer informed the employee of the provisions in section 203(m); and (3) all tips received by an employee were retained by the employee, "except that [§203(m)] shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." *Gutierrez*, 2019 U.S. Dist. LEXIS 95654 at *15 (S.D. Fla. Jun. 7, 2019) *citing Kubiak v. S. W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1354 (M.D. Fla. 2016); *see also Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010) (*citing* 29 U.S.C. § 203(m).

In the present case, Defendants rightfully benefitted from the tip credit allowance under §203(m) because the Plaintiffs were tipped employees, Defendants timely informed Plaintiffs of the tip credit provisions of §203(m), and Plaintiffs retained their tips as is required under §203(m).

### A. Plaintiffs are tipped employees.

A "tipped employee" is defined by the FLSA as "any employee engaged in an occupation in which he 'customarily and regularly' receives more than $30 a month in tips." *Mardones, Inc.*, 2018 U.S. Dist. LEXIS 120002 at *19 (S.D. Fla. 2018); *see* 29 U.S.C. § 203(t); 29 CFR § 531.56. Here, Plaintiffs Luna, Calix, and Mejia all received "more" than $30.00 per month in tips. (SMF

21). Accordingly, the first element of the tip credit test is satisfied. *See Mardones*, 2018 U.S. Dist. LEXIS 120002 at *10 (S.D. Fla. 2018) (stating where the employee is a "Tipped Employee … §203(m) authorizes the employer to take a "tip credit"); 29 U.S.C. §203(m) and (t).

### B. Plaintiffs retained their tips.

An employer seeking to take a tip credit must show that its employee retained all tips he or she received. *See Kubiak*, 164 F. Supp. 3d at 1354-1355 (M.D. Fla. 2016) *citing Cumbie v. Woody Woo, Inc.*, 596 F. 3d 577, 580 (9th Cir. 2010) (An employer seeking to take a tip credit must show … the employee retained all tips he received, except when an employer requires an employee to participate in a tip pool with other employees who customarily and regularly receive tips). Here, Plaintiffs' do not allege that they were not permitted to retain their tips. (SMF 22). Furthermore, the record does not suggest that Plaintiffs were not able to retain their tips. Accordingly, this element of the tip credit test requiring that Plaintiffs be allowed to retain their tips is satisfied.

### C. Plaintiffs had notice of the tip credit during the relevant time period.

An employer is not eligible to take a tip credit unless it informs "a tipped employee before it utilizes the tip credit, of the following: (1) The direct cash wage the employer is paying a tipped employee, which can be more than, but cannot be less than, $ 2.13 per hour; (2) the additional amount the employer is using as a credit against tips received, which cannot exceed the difference between the minimum wage specified in section 6(a)(1) of the FLSA and the actual cash wage paid by the employer to the employee; (3) that the additional amount claimed by the employer on account of tips as the tip credit may not exceed the value of the tips actually received by the employee; (4) that the tip credit shall not apply with respect to any tipped employee unless the employee has been informed of the tip credit provisions of section 3(m) of the Act; and (5) that all tips received by the tipped employee must be retained by the employee except for the pooling of

tips among employees who customarily and regularly receive tips." 76 FR 18832, 18844; *see Nat'l Rest. Ass'n v. Solis*, 870 F. Supp. 2d 42, 56 (D.D.C. 2012); 29 CFR 531.59.

"Employers do not have to 'explain' the tip credit to employees; it is enough to 'inform' them of it." *Gutierrez*, 2019 U.S. Dist. LEXIS 95654 at *15 (S.D. Fla. Jun. 7, 2019) (*citing Vancamper v. Rental World, No. 6:10-cv-209-Orl-19KRS, 2011 U.S. Dist. LEXIS 35052 at *19 (M.D. Fla. Mar. 31, 2011)*; see Davis v. B & S, Inc*., 38 F. Supp. 2d 707, 719 (N.D. Ind. 1998) (finding notice can also be conveyed to employees through an individual co-worker because other courts have found that an employer may meet the notice requirement by simply: (1) providing conforming written materials to its employees; (2) providing its employees with a file folder containing the relevant information or by prominently displaying a poster; or (3) making the employees aware of the existence of the tip credit or its amount and that it intends to treat tips as satisfying part of the employer's minimum wage obligation); *see* 29 CFR 531.59(b); 29 CFR § 531.51. To "inform" an employee requires less effort than it would to "explain" the tip credit to the employees. *Gutierrez*, 2019 U.S. Dist. LEXIS 95654 at *15 (S.D. Fla. Jun. 7, 2019) (*citing Kilgore*, 160 F. 3d at 298); *see also* 29 U.S.C. §203(m) (using terminology "unless such employee has been informed"). Essentially, an employer must "inform its employees that it intends to treat tips as satisfying part of the employer's minimum wage obligations." *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306, 1310 (S.D. Fla. 2007) citing *Kilgore*, 160 F.3d at 298.

For example, in *Thomas v. J.R. Eight, Inc.*, the plaintiffs were "orally informed that their salary would be $ 2.15 (or more) plus tips and their paychecks informed them of their salary twice a month." *Pellon*, 528 F. Supp. 2d at 1311 (citing *Thomas v. J.R. Eight, Inc.* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002) (D.E. No. 63)). Moreover, the defendants prominently displayed a poster containing all of the relevant tip credit information. *Id*. "A copy of the information contained in

11

the poster at issue was attached to the Declaration [] submitted by Defendants." *Id*. The plaintiffs sought to rely on deposition testimony of Renee Leonardo Velasquez that he did not recall the precise information contained on the poster. Judge Patricia A. Seitz found that the deposition testimony of Renee Leonardo Velasquez was insufficient to avoid summary judgment because, as set forth in the Court's Order Granting Defendants' Motion to Strike, "a witness' statement that he "does not recall" information contained in a poster is insufficient to refute record evidence unequivocally establishing the matter." *Id*. *See Posey v. Skyline Corp.*, 702 F.2d 102, 105-06 (7th Cir. 1983); *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049-50 (4th Cir. 1987). Judge Seitz concluded that "verbal notice given to the plaintiff that he would be paid $ 2.13 plus tips, combined with a prominently displayed poster concerning the tip credit qualified as adequate notice and summary judgment was appropriate." *Pellon*, 528 F. Supp. 2d at 1310-11.

Calix testified that the first time she worked as a server was for Defendants. (SMF 23). When asked why she was paid at the hourly rate of $5.08, Calix stated that "what [she] was told is that that is the salary of a server because [she was] also paid to receive tips." (SMF 24 and 25). In fact, Calix testified that "[w]hen [she] started working [for Defendants] . . . [she] was told [] that is the salary of a waitress, of a server." (SMF 26). In addition to being orally informed of her hourly wage rate and the tips she would receive as a server, like the plaintiff in *Thomas v. J.R. Eight, Inc.* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002), Plaintiff Calix's paychecks informed her of her wages every two weeks. (SMF 8, 9 and 10). *See Pellon*, 528 F. Supp. 2d at 1311 (citing *Thomas,* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002)).

When Defendants hired Luna as a waitress, Luna was "told the minimum wage amount that [she] would make would be $5-and-something" and that the reason why she was compensated at this lower minimum wage rate was because "that was the minimum salary for a waiter or server."

12

(SMF 27). (Plaintiff was told the exact amount but did not recall during her deposition. (SMF 27)) In addition to her hourly wage, during a typical shift, Luna's tips earned while employed by Defendants varied from $30.00 per shift, through $60.00 per shift. (SMF 28). Just as the other Plaintiffs, like the plaintiff in *Thomas v. J.R. Eight, Inc.* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002), Plaintiff Luna was also informed of her wages every two weeks when she received her paycheck. (SMF 8, 9 and 10). *See Pellon*, 528 F. Supp. 2d at 1311 (citing *Thomas,* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002)).

When Mejia began working for Defendants as a server, Defendants informed her that she would be employed as a waitress, the hours she worked, and that her hourly compensation as a server was $5.03 "[b]ecause we, the servers, get the tips." (SMF 29). Similar to the other Plaintiffs here and the plaintiff in *Thomas v. J.R. Eight, Inc.* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002), Plaintiff Mejia's paychecks informed her of her wages every two weeks. (SMF 8, 9 and 10). *See Pellon*, 528 F. Supp. 2d at 1311 (citing *Thomas,* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002)).

Furthermore, Arelys Alfonso ("Alfonso") informed every newly hired server, including Plaintiffs, of Defendants' policy to "pay them differently" in that every "server gets paid 5.08 an hour, plus whatever they make in tip is calculated for them to also make the minimum wage." (SMF 30). Moreover, it was part of Alfonso's job responsibilities to train newly hired servers, including Plaintiffs, and show them the poster that provided the annual minimum wage rate and give an explanation of the tip credit. (SMF 31).

In addition to being given information related to their job title, their work schedules, informed of their hourly rate of pay and the fact that they would earn tips, during each of their depositions, Plaintiffs acknowledged a poster was posted in Defendants' restaurant and described the poster. (SMF 32). After describing the poster, Plaintiff Calix confirmed that the poster in a

13

photo shown to her was, in fact, the poster she recalled being posted in the restaurant. (SMF 33). The poster in the photo is a version of the FLSA poster which provides tip credit notice, including the hourly wage of tipped employees. (SMF 34).[4] *See Pellon*, 528 F. Supp. 2d at 1311 (citing *Thomas v. J.R. Eight, Inc.* No. 01-1067-CIV-SEITZ (S.D. Fla. 2002) (accepting as notice a copy of the information contained in the poster at issue attached to a Declaration submitted by Defendants). Although Plaintiffs claim that they were not specifically provided notice of Defendants' tip credit policy, lack of notice of an tangible tip credit policy, in and of itself, is irrelevant. Plaintiffs were indisputably given notice of the specific terms of Defendants' tip credit policy (i.e., their hourly wage as a tipped employee, that they would receive the remaining portion in tips, and that any tip pooling was limited to eligible employees). Defendants had no obligation to decipher the intricacies of the tip credit laws, nor was it required to inform Plaintiffs of such laws. Instead, Defendants were only obligated to inform – not explain – Plaintiffs of the terms of its tip credit policy. Thus, to say that Plaintiffs' did not have notice of the terms of Defendants' tip credit policy, and thus essentially knowledge of the tip credit policy itself, is implausible. *See Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306, 1310 (S.D. Fla. 2007) (holding that an employer sufficiently informed the plaintiffs of its tip credit by "explaining to the plaintiffs that they would receive $2.13 per hour and the remainder of their pay would be in tips"). Plaintiffs were not only verbally informed that they would receive the proper minimum wage as tipped employees because they would receive tips in excess of $30.00 per month, but Plaintiffs were also provided notice through their bi-weekly paychecks and by the posted FLSA poster. (SMF 8 - 10, 26 - 34).

---

[4] The FLSA photo was admitted into evidence during Plaintiff Calix's deposition. Calix Depo. at 73:18 – 74:5.

Given that a rigorous explanation is not required, the evidence presented satisfies the requirement under the tip credit test that employees must be informed of the terms of the tip credit policy. *See Gutierrez*, 2019 U.S. Dist. LEXIS 95654 at *15 (S.D. Fla. Jun. 7, 2019) (*stating* the FLSA does not require a rigorous explanation to employees about how the tip credit works).

Viewing the evidence presented in the light most favorable to Plaintiffs, and drawing all justifiable inferences in favor of Plaintiffs, the evidence reveals: (1) Plaintiffs were "tipped employees" for purposes of §203(m); (2) Plaintiffs were timely informed of the tip credit provisions of §203(m); and (3) Plaintiffs retained their tips. Defendants are therefore entitled to summary judgment as a matter of law finding that they are not liable to Plaintiffs for minimum wages.

## CONCLUSION

Defendants are entitled to summary judgment of all three counts of Plaintiffs' Second Amended Complaint. Only Plaintiffs Luna and Calix allege unpaid overtime wages. There is not a disputable issue of any material fact alleged in Count I of the Plaintiffs' Second Amended Complaint, for violation of federal overtime wage laws. As a matter of law, Plaintiffs Luna and Calix's claims for overtime wages which predate December 24, 2016 (3 years preceding the filing of their Complaint) is time barred by the applicable statute of limitations, pursuant to the FLSA. Any remaining allegations of unpaid overtime wages are not supported by the record, when the facts viewed in a light most favorable to Plaintiffs show that Plaintiffs admit to working schedules which are reflected in the time and wage records for Plaintiffs Luna and Calix. Furthermore, there is not a disputable issue of any material fact alleged in Counts II and III of the Plaintiffs' Second Amended Complaint, for violation of the federal and Florida state minimum wage laws. The record

evidence, when viewed in a light most favorable to Plaintiffs show that Plaintiffs Luna, Calix and Mejia were paid their proper hourly wages as tipped employees.

**WHEREFORE**, based on the foregoing, Defendants respectfully request that this Honorable Court enter an Order granting this Motion for Final Summary Judgment, as to Counts I, II and III, in Defendants' favor, finding that Defendants did not violate the applicable federal overtime wage laws applicable to Plaintiffs Luna and Calix claims, or the applicable federal and Florida state minimum wage laws applicable to Plaintiffs Luna, Calix and Mejia's claims. Alternatively, Defendants respectfully request that this Honorable Court enter Partial Summary Judgment, in Defendants' favor, finding:

1) Plaintiffs Luna and Calix's claims for unpaid overtime wages which predate December 24, 2016 are time barred by the Statute of Limitations;

2) Defendants are not liable to Plaintiffs Luna and Calix for unpaid overtime wages accumulated between the period December 24, 2016 through the date of their termination in October 2019 because there is not an issue of material fact in dispute to support Plaintiffs Luna and Calix's claims that "hours …worked in excess of 40 in a week [] were manipulated and removed by Defendants"; and/or

3) Defendants are not liable to Plaintiffs for unpaid federal and Florida state minimum wages, accumulated between the period December 24, 2014 (at most) through the date of Plaintiffs' termination in October 2019, because there is not an issue of material fact in dispute to support Plaintiffs' claims that they were not given notice that tips would be applied toward their wages.

Respectfully, Defendants further request that this Honorable Court grant any further relief this Court deems just and proper.

Dated: July 10, 2020.                                   Respectfully submitted,

**Aron Smukler**
Aron Smukler, Esq.
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com

Tanesha W. Blye, Esq.
Fla. Bar No.: 0738158
E-mail: tblye@saenzanderson.com

R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Defendants*