United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Puerto and others, Plaintiffs, ) | |
| ) | |
| v.   ) | Civil Action No. 19-25282-Civ-Scola |
| ) | |
| Benedicto Moreno and Rinconcito ) | |
| Superlatino 4, LLC, Defendants.   ) | |

### **Omnibus Order**

     This matter is before the Court on both the Plaintiffs' motion for final default judgment against the Defendants because of their failure to timely respond to the complaint (Pls.' Mot., ECF No. 83) as well as the Defendants' motion for leave to file a belated answer (Defs.' Mot., ECF No. 87). Having considered the record, the motions, the parties' respective responses to the motions, and the relevant legal authorities, the Court **denies** the Plaintiffs' motion for final default judgment (**ECF No. 83**) and **grants** the Defendants' motion to file a belated answer (**ECF No. 87**). In light of the arguments made in the motions, which are essentially mirror images of one another, coupled with the parties' responses and the relief detailed below, the Court finds that the motions are ripe for disposition and reply briefing is unwarranted.

     On July 7, 2020, the Plaintiffs filed their second amended complaint and the Defendants were required to respond by July 21, 2020. After July 21st came and went without any response, the Plaintiffs filed a motion for default judgment against the Defendants on July 24, 2020. (ECF No. 83.) Apparently, the motion for default judgment reminded the Defendants that they had failed to timely respond to the second amended complaint. Hours after the motion for default judgment was filed, the Defendants filed their belated answer and a motion for leave to file their answer *nunc pro tunc*. (ECF Nos. 86-87.) Faced with these two essentially cross motions arising from the belated answer, the Court ordered the parties to respond to one another's motions and the matter is now ripe. The Court will address the Defendants' motion first.

     The Defendants argue that they failed to respond timely "due to clerical and administrative error and excusable neglect . . . ." (ECF No. 87.) The Plaintiffs oppose the Defendants' motion for two reasons. First, they argue that the motion is not properly before the Court because the Defendants filed the motion only six hours after sending a conferral email and without awaiting the Plaintiffs' response. Although the Defendants were not forthcoming about the circumstances of their purported "conferral," the Plaintiffs have now briefed

their opposition to the motion and the Court has thus been apprised of the parties' positions. Moreover, the Defendants – owing wholly to their own failure – were in such a position that waiting longer for the Plaintiffs' position would have exacerbated the delay. At this point, denying the motion with leave to renew it, when the Court has already been apprised of both parties' positions, would needlessly waste time and exacerbate any purported prejudice suffered by the Plaintiffs. Additionally, the Court notes that the Plaintiffs' motion for default judgment contains no pre-filing conferral certification at all.

The Plaintiffs' second argument in opposition to the motion to file a late answer is that the Defendants failed to show "good cause" for their motion because a clerical error is not "excusable neglect." (ECF No. 89 at 3.) Determining excusable neglect is an equitable determination, considering "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Plaintiffs readily point out that on May 8, 2020, this Court denied their motion to reconsider an earlier order dismissing Defendant Rinconcito Superlatino 4, LLC, without prejudice, because of the Plaintiff's failure to timely file either a notice of joint liability or a motion for default judgment. (Order, ECF No. 37.) The Court will not repeat all the bases for its May 8, 2020 Order. However, given its relationship to the motions at hand and the Plaintiffs' invocation of that Order, the Court will briefly explain why the reasoning behind that Order supports granting leave to file a belated answer.

First, the May 8, 2020 Order dismissed one Defendant without prejudice, thus allowing for the Plaintiffs to refile a complaint against that Defendant. The Plaintiffs have since refiled a complaint against that Defendant, which is now before the Court. By contrast, the Plaintiffs' motion for default judgment at bar seeks a final adjudication of liability against both Defendants. The Eleventh Circuit has explained that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). A default would be particularly unfavorable in this case where both parties have filed motions for summary judgment, which may bring this case to a resolution on the merits. The Court wishes to make clear at this time that it passes no judgment whatsoever on the merits of the parties' respective motions for summary judgment. Second, the prior Order was entered after the Plaintiffs were expressly warned that their failure to file the proper papers would result in dismissal and after the Plaintiffs were granted an extension of time. The Plaintiffs nevertheless waited over *three weeks* to attempt to make the required filings. By contrast, the Defendants here waited only *three days* after the deadline to answer the complaint. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

U.S. 380, 395 (1993) (explaining that relevant circumstances of excusable neglect include prejudice, the length of the delay, and its potential impact on judicial proceedings).

Although a final default judgment is too severe of a sanction for filing an answer three days late, the Court is persuaded by the Plaintiffs' argument that they would be prejudiced by the late answer. Partly because of the unusual sequence of deadlines in this case resulting from the Plaintiff's own failures as described in the May 8, 2020 Order, the late answer was filed after the Plaintiffs had already responded to the Defendants' motion for summary judgment. The Court agrees that the Plaintiffs would be prejudiced by the late answer because the arguments in their response to the motion for summary judgment repeatedly, and substantively, demonstrate their reliance on the Defendants not having filed an answer. (ECF No. 80 at 2, 3, 12.)

The Court is faced with prejudice that should not befall the Plaintiffs because of the Defendants' untimeliness and a too-drastic request for default. Under these circumstances, the Court finds that the Defendants' answer (ECF No. 86) should be accepted as timely filed *nunc pro tunc*. However, to remedy the Plaintiffs' prejudice, the Court authorizes the Plaintiffs to amend their response to the motion for summary judgment. The original deadlines to file an answer and to respond to the Defendants' motion for summary judgment were July 21, 2020 and July 24, 2020, respectively. Thus, had the Defendants timely filed their answer, the Plaintiffs would have had three days to incorporate the answer into their response to the motion. The Court will permit the Plaintiffs to file an amended response to the motion for summary judgment on or before **August 7, 2020**. The amended response shall comply with all applicable rules, including page limitations. The Court thus **grants** the Defendants' motion for leave to file a late answer (**ECF No. 87**) and treats the answer at ECF No. 86 as timely filed. The Court **denies** the Plaintiff's motion for default judgment (**ECF No. 83**).

The Court regretfully takes this opportunity to note that considerable resources – borne both by the parties and the Court – have been expended on counsel's failures to adhere to deadlines. The attorneys for the parties are instructed to review the deadlines in this case and warned that future failures to comply with the Court's orders will be met with appropriate sanctions, including dismissal with prejudice or default.

**Done and ordered** at Miami, Florida on August 3, 2020.

_____
Robert N. Scola, Jr.
United States District Judge