**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.: 1:19-CV-25282-RNS

| | |
|---|---|
| **JOSE PUERTO, VERONICA LUNA, HAZELL MEJIA, IRIS CALIX**, and all others similarly situated under 29 U.S.C. § 216(b), <br><br> Plaintiffs, <br><br> vs. <br><br> **RINCONCITO SUPERLATINO 4, LLC.** **and BENEDICTO MORENO,** an individual, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' OMNIBUS MOTION IN *LIMINE***

**COMES NOW,** the Plaintiffs, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and files the above-described Plaintiffs' Omnibus Motion *in Limine* and states as follows in support thereof:

1. Plaintiffs move in *limine* to exclude reference or introduction of the following five (5) issues:

    a) Reference to attorneys' fees and costs;

    b) Reference to liquidated damages;

    c) Reference to the undersigned Firm's representation of Plaintiffs;

    d) Any reference to Plaintiffs' payment or non-payment of federal income taxes; and

    e) Reference to Plaintiffs' immigration status.

## MEMORANDUM OF LAW

Courts have the inherent ability to "to manage the course of [their] trials," including the granting of motions in *limine* when appropriate. *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in *limine* is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." E.g., *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012).

### A. Reference to Attorneys' Fees and Costs.

Any reference to attorneys' fees and costs at Trial should be excluded. Plaintiffs, therefore, respectfully request an Order excluding said references. Thus, any reference to attorney fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter. The issue of attorneys' fees and costs are matters decided by the Court post trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude any reference to attorneys' fees and costs at trial.

### B. Reference To Liquidated Damages.

Any reference to liquidated damages should be excluded at Trial. The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). *See also*, *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980). However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiffs prevail. Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them. The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude any reference to liquidated damages at trial.

### C. Reference to Undersigned Firm's Representation of Plaintiffs.

Any reference to issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, fee/retainer agreement, or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). *See*, Fed. R. Evid. Rule 403. The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs

obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, fee/retainer agreement, or otherwise.

### D. Reference to Plaintiffs' Taxes.

Any reference to Plaintiffs' payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Here, the "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff." *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment"); *Valderrabano Torres v. Rock & River Food Inc, et al.,* Civil Action No. 15-22882-Civ-Scola. Some courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b). *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No.

291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility.").

Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id.* Questioning Plaintiffs on their filing of income taxes is irrelevant to the case at hand and will unfairly prejudice Plaintiffs. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors: and it will likely give rise to collateral disputes -- including the extent of Plaintiffs' reporting obligations regarding such taxes -- that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in *limine* to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). In addition to evidence Defendants may try to introduce arguing that Plaintiffs failed to report (or fully and accurately report) all of their income in relation to taxes, Plaintiffs request that Defendants not be able to question Plaintiffs at all regarding his taxes as such would be prejudicial before the jury and cause unnecessary confusion, and would not otherwise be relevant. Plaintiffs' private financial lives are not relevant to Plaintiffs' claims and are otherwise protected by Section 23 of Article I of the Florida Constitution. *See Berlinger v. Wells Fargo, N.A.*, 2014 WL 6686276, at

5

*3 (M.D. Fla. 2014) (under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings). In *Berlinger*, the Court stated:

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari–Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. *Straub v. Matte,* 805 So.2d 99, 100 (Fla. 4th DCA 2002). *Id. citing Rappaport v. Mercantile Bank,* 17 So. 3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted). Also, as the Court noted in *Daniel Valderrabano Torres v. Rock & River Food Inc. d/b/a Marumi Sushi, et al.,* Case No. 15-22882-RNS [DE73], "employers also have the responsibility to withhold taxes and pay social security. Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes…" Defendants' should not be entitled to embark on a mini-IRS audit of Plaintiffs' payment or non-payment of federal income taxes and reporting of cash payments on said taxes  should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Furthermore, Judge Altonaga, of The Southern District, has held that Plaintiffs failure to pay income tax, and their failure to pay income tax, and illegal status, even when combined, is not a relevant factor, that defendants could use to establish an *in pari delicto* defense. Further

holding, that illegal status is not a bar to suit under the FLSA, nor is not paying taxes, nor being illegal a bar to recovery under the FLSA. Judge Altonaga notes that the holding in *Patel*, 846 F.3d 700 (1998), is the binding in the Eleventh Circuit and holds that illegal immigrants may sue an employer under the FLSA. *See, Solano v. A Navas Party Production, Inc., et al.*, 728 F.Supp.2d 1334 (S.D. Fla. 2010); S*ee, also,*Barrera, 2010 WL9039790 (S.D. Fla. Jan. 26, 2010).

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude reference to Plaintiffs' payment or non-payment of federal income taxes and reporting of cash payments on said taxes.

### E.  References to Plaintiffs' Immigration Status.

The Plaintiffs move to preclude all references at trial to any of the Plaintiffs' immigration status. Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial.  Such is also not discoverable.  *See*, *Martinez et.al. v. Mecca Farms, Inc. et.al.*, 213 FRD 601 (S.D. Fla. 2002); *See also, Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988).  *See also, Zuniga v. W.M. Construction Inc.*, case #04-23153 (S.D. Fla. DE #69).

The United States District Court, Southern District of Florida has previously excluded evidence relevant to an individual's undocumented status in the United States. *Rakip v. ParadiseAwnings Corp.,* 10-20004-CIV, 2010 WL 11469123, at *1 (S.D. Fla. Nov. 8, 2010). In so ruling the Court states the following:

> The Eleventh Circuit Court of Appeals has already decided this issue. *See Patel v. Quality Inn S.*, 846 F.2d 700 (11th Cir. 1988). I have already ruled on this issue, several times, in a prior case. *See Galdames v. N&D Inv. Corp.*, No. 08-20472, 2008 WL 4372889, at *2 (S.D. Fla. Sept. 24, 2008); *Galdames*

*v. N&D Inv. Corp.*, No. 08-20472, 2010 WL 1330000, at *3 (S.D. Fla. Mar. 29, 2010).

*Rakip v. Paradise Awnings Corp.*, 10-20004-CIV, 2010 WL 11469123, at *1 (S.D. Fla. Nov. 8, 2010).

Another avenue or backdoor attempt to bring up a Plaintiffs' immigration status may be by questioning the Plaintiffs as to payment or non-payment of Federal Income Taxes, and reporting of cash payments on said taxes. Said line of questioning is irrelevant to Plaintiffs' right to seek redress in an FLSA case. See, *Barrera v. Weiss & Woolrich Southern Enterprises, Inc.*, 2010 WL9039790 (S.D. FL. Jan. 26, 2010). Any reference to Plaintiffs payment or non-payment of federal income taxes, and reporting of cash payments on said taxes, should be excluded under Rule 403 of the Federal Rules of Evidence, as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. Said line of questioning is irrelevant and will unfairly prejudice the Plaintiff. This District has held that questioning of a plaintiff's income taxes causes confusion of the issues, and unnecessary delay. *See,Ortiz v. Santuli Corp.,*2009 U.S. Dist. LEXIS 7273 1 (S.D. Fla. Aug. 3. 2009).

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude reference to Plaintiffs' immigration status.

WHEREFORE PLAINTIFFS RESPECTFULLY REQUEST THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

## CERTIFICATE OF CONFERRAL

I hereby certify that I have conferred with opposing counsel regarding the contents of this Motion and Defendants oppose the motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFFS
300 71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
T: 305-865-6766
F: 305-865-7167
EMAIL: DNUDEL.JHZIDELLPA@GMAIL.COM

By: __/s/ David M. Nudel_____
David M. Nudel, Esq.
Florida Bar No.: 1003678

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/7/2020 TO:**

**ALL CM/ECF RECIPIENTS**

**R. MARTIN SAENZ, ESQ.
MSAENZ@SAENZANDERSON.COM
KENNETH ULYSSES PINOS, ESQ.
KEN@AXCESSLAW.COM
TANESHA LASHAY MARIE WALLS, ESQ.
TBLYE@SAENZANDERSON.COM**

**SAENZ & ANDERSON, PLLC
20900 NE 30TH AVE., STE 800
AVENTURA, FL 33180**

By: __/s/ David M. Nudel_____
David M. Nudel, Esq.