IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-25282-RNS

**JOSE PUERTO, VERONICA LUNA, HAZELL MEJIA, IRIS CALIX**, and all others similarly situated under 29 U.S.C. § 216(b),

    Plaintiffs,

vs.

**RINCONCITO SUPERLATINO 4, LLC.** **and BENEDICTO MORENO,** an individual,

    Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OMNIBUS MOTION *IN LIMINE***

COMES NOW, Plaintiffs, through their undersigned attorney, and file this Reply to Defendants' Response in Opposition to Plaintiffs' Omnibus Motion *in Limine* and states the following:

**ARGUMENT**

**I.    REFERENCE TO ATTORNEYS' FEES AND COSTS.**

All parties agree that no references should be made to attorneys' fees or costs in the presence of the jury. Plaintiffs hereby request that if Defendants believe Plaintiffs open the door on any related issue, that a side bar be held before Defendants are allowed to explore the issue on cross-examination in front of the jury.

**II.    REFERENCE TO LIQUIDATED DAMAGES.**

All parties agree that no references should be made to liquidated damages in the presence of the jury. Plaintiffs hereby request that if Defendants believe Plaintiffs open the door

1

on any related issue, that a side bar be held before Defendants are allowed to explore the issue on cross-examination in front of the jury.

## III. REFERENCE TO THE UNDERSIGNED FIRM'S REPRESENTATION OF PLAINTIFFS.

Plaintiffs agree that if Defendants have a basis to impeach them based on their motivation for filing this lawsuit, the basis of their claims and formulations of damages, and the circumstances surrounding their decisions to file this lawsuit, then these questions may be asked. However, comments made to disparage or make negative implications against Plaintiffs' counsel's actions are not appropriate. *See Chavez v. Arancedo*, No. 17-20003, 2018 WL 4627302 at *5 (S.D. Fla. Sept. 26, 2018). Plaintiffs' history with their counsel could only be impeachment if it were to imply something negative about Plaintiffs' counsel. Whether or not undersigned counsel previously represented Plaintiffs or their acquaintances or that Plaintiffs found undersigned counsel through advertising or word of mouth have nothing to do with Plaintiffs' claims or credibility, and the only thing this information could be used for is to imply that there is somehow something improper about the relationship between Plaintiffs and their counsel. Thus, references to why Plaintiffs brought their claims may be made, but questions about how they obtained their legal representation should not be allowed.

Any reference to the undersigned Firm's representation of Plaintiffs in the subject lawsuit, including, without limitation, fee/retainer agreement, or otherwise, should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec.*

*Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). *See*, Fed. R. Evid. Rule 403. The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiffs in the subject lawsuit, fee/retainer agreement, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

Any reference to the infomercial/commercials run by J.H. Zidell P.A. should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The fact that Plaintiffs' counsel has an infomercial/commercial or the contents of said infomercial/commercial are irrelevant for the purposes of this case. It has absolutely no probative value and should be excluded.

Such accusations are prejudicial and inappropriate to be made in a courtroom in front of the jury. Allowing Defendants, through their counsel, to make said comments or similar comments will only inflame and unfairly prejudice the jury against the Plaintiffs and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as any possible probative value said information would have will clearly and substantially be outweighed by the danger of unfair prejudice and confusion that it would cause in this case.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, fee/retainer agreement, or otherwise.

## IV.     ANY REFERENCE TO PLAINTIFFS' PAYMENT OR NON-PAYMENT OF FEDERAL INCOME TAXES.

Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Here, the "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff." *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010).

In *Goussen v. Mendez Fuel Holdings LLC et al*, No. 18-cv-20015, ECF No. 57 (S.D. Fla. November 11, 2018) (Cooke, M.), the Court held that deficiencies in Parties' respective tax returns pose too great of a danger such that "collateral disputes" could distract from the actual issues of the case. "Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes … as well as why the Plaintiff failed to pay taxes."

Plaintiffs have testified during depositions that they are waiting for Defendants to provide them with tax forms in order to file their federal income taxes. Any reference to filing or not filing tax returns would create a mini trial on this issue and lead to questions about their immigration status which Defendants have agreed in their response to keep out. Thus, Plaintiffs' filing or failing to file tax returns does not indicate whether or not they paid taxes appropriately.

Any reference to Plaintiffs' failure to file tax returns could devolve into a trial about whether or not the Plaintiffs actually would owe additional taxes other than what was already allegedly withheld or not withheld from their pay by Defendants. The jury could become hopelessly mired in an issue that is not even relevant to the issues at hand, which is whether or not Defendants paid Plaintiffs appropriately for the hours they worked over 40. Thus, in this case, where the issue is whether or not the Plaintiffs properly paid income taxes, the Court should disallow mention of this issue at trial to avoid confusion of the jury and distraction from the main issues in this case.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude reference to Plaintiffs' payment or non-payment of federal income taxes and reporting of cash payments on said taxes.

## V.  REFERENCE TO PLAINTIFFS' IMMIGRATION STATUS.

All parties agree that no references should be made to Plaintiffs' Immigration Status in the presence of the jury. Plaintiffs hereby request that if Defendants believe Plaintiffs open the door on any related issue, that a side bar be held before Defendants are allowed to explore the issue on cross-examination in front of the jury.

WHEREFORE PLAINTIFFS RESPECTFULLY REQUEST THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFFS
300 71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
T: 305-865-6766
F: 305-865-7167
EMAIL: DNUDEL.JHZIDELLPA@GMAIL.COM

5

By: __/s/ David M. Nudel_____
David M. Nudel, Esq.
Florida Bar No.: 1003678

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/24/2020 TO:**

**ALL CM/ECF RECIPIENTS**

**R. MARTIN SAENZ, ESQ.
MSAENZ@SAENZANDERSON.COM
KENNETH ULYSSES PINOS, ESQ.
KEN@AXCESSLAW.COM
TANESHA LASHAY MARIE WALLS, ESQ.
TBLYE@SAENZANDERSON.COM**

**SAENZ & ANDERSON, PLLC
20900 NE 30TH AVE., STE 800
AVENTURA, FL 33180**

By: __/s/ David M. Nudel_____
David M. Nudel, Esq.