United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Puerto and others, Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-25282-Civ-Scola |
| | ) |
| Benedicto Moreno and Rinconcito Superlatino 4, LLC, Defendants. | ) |

**Order on Cross-Motions for Summary Judgment**

Plaintiffs Veronica Luna, Hazell Mejia, and Iris Calix initiated this action against their former employers Rinconcito Superlatino 4, LLC and Benedicto Moreno (collectively "Defendants"). The Plaintiffs assert claims for unpaid overtime wages (Count I) and unpaid minimum wages under the Fair Labor Standards Acts ("FLSA") (Count II), and unpaid minimum wages under the Florida Minimum Wage Act ("FMWA") (Count III). (Sec. Am. Compl., ECF No. 70.) This matter is before the Court upon the parties' cross-motions for summary judgment. (Pl.'s Mot., ECF No. 72; Def's Mot., ECF No. 77.) The Plaintiffs seek partial summary judgment precluding the Defendants from claiming a credit tip in connection to the Plaintiffs' claims for unpaid minimum wage. The Defendants move for summary judgment on all counts of the complaint. After a thorough review of the filings in the record in this case, the Court finds that neither side has met their burden and **denies** the parties' motions. **(ECF Nos. 72, 77.)**

  1. **Background**

From 2014 through 2019, the Plaintiffs worked as waitresses at a restaurant owned by Rinconcito Superlatino 4, LLC (formerly known as Rinconcito Superlatino 4, Inc.) and Benedicto Moreno. (Pls.'s Stmt. of Facts, ECF No. 73 ¶ 1.) In 2015, the Department of Labor filed a complaint against Rinconcito Superlatino 4, Inc. and Moreno for violations of the FLSA, chiefly for failing to pay employees (not including the Plaintiffs in this case) the required hourly minimum and overtime wages and failing to keep adequate records. (*Id.* ¶ 5.) The case was heard in this division and the Court entered a consent judgment enjoining the Defendants from further violating the FLSA, ordering that employees be paid the required minimum wage and overtime, and commanding that the Defendants keep adequate employment records. (*Id.* ¶ 6.)

In 2016, and after the entry of the consent judgment, the Defendants began keeping track the hours worked by employees using a computer system and

began paying employees on an hourly basis. (*Id.* ¶ 12.) Employees were required to punch in and out on the computer system. The only persons who had the ability to override the hours logged into the computer system were the various restaurant managers: Arelys Alfonso, Maria Moreno, Enrique Medina, Dolores Moreno, and Defendant Benedicto Moreno. (*Id.* ¶ 77.) The parties dispute whether the Defendants actually manipulated the hours worked by the Plaintiffs during the relevant time period. The Plaintiffs argue that the managers manipulated their time records to reflect fewer hours than those that were actually worked by each Plaintiff. (*Id.* ¶ 74.) Conversely, the Defendants deny that any time records were manipulated and aver that after the consent judgment, they ensured that all FLSA requirements were met. (Defs.' Stat. of Facts, ECF No. 78 ¶ 10.) Arelys Alfonso, the restaurant's general manager, was responsible for keeping track the employees' hours and ensuring that the Defendants were complying with the FLSA and the terms of the consent judgment. (ECF No. 73 ¶ 20.)

During the relevant time period, the minimum wage was $7.25. (*Id.* ¶ 44.) The Plaintiffs were paid an hourly rate ranging from $5.03 to $5.44 and were permitted to keep their tips at the end of the day (totaling more than $30 per month). (ECF No. 78 ¶¶ 24, 29.) The parties dispute whether the Plaintiffs were notified that their hourly rate would be supplemented by their tips to add up to the minimum wage. The Plaintiffs claim that they were not given notice, rather they believed the required minimum wage was what they were paid. (ECF No. 73 ¶¶ 34-37.) The Defendants claim Alfonso informed every new hire, including the Plaintiffs, that servers were paid $5.08 an hour plus tips to satisfy minimum wage. (ECF No. 78 ¶ 30.)

### 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact,' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 560 U.S. 330 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). It may not weigh conflicting evidence to resolve disputed factual issues. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 Fed. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [insstead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248. "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox–Jones v. Bd. of Regents of Univ. of Ga.*, 448 Fed. App'x 17, 19 (11th Cir. 2011). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (cleaned up). Thus, a court must consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *See Am. Bankers Ins. Grp.*, 408 F.3d at 1331.

### 3. Analysis

The Plaintiffs seek partial summary judgment precluding Defendants from claiming a tip credit against their minimum wage obligations because the Defendants did not give the Plaintiffs sufficient notice of their intent to do so and cannot show that the Plaintiffs were actually paid the minimum wage owed to them. (ECF No. 72 at 2.)

The Defendants seek summary judgment on all three counts of the complaint. (ECF No. 77 at 2.) The Defendants contend that summary e is appropriate because Luna and Calix's claims are barred by the FLSA's 3-year statute of limitations. (*id.* at 4-5.) With respect to Count I, the Defendants argue that the evidence indisputably show that the Plaintiffs were paid the overtime wages owed to them and that the time sheets were not altered (*id.* at 6.) They also contend that summary judgment should be entered on Counts II and III for unpaid minimum wages because the Defendants notified the Plaintiffs that their hourly rate would be supplemented with their tips to satisfy the minimum wage requirements. (*id.* at 9.)

Because genuine issues of fact remain as to all counts, both motions are denied.

### A. Statute of Frauds

The Defendants argue that they are entitled to summary judgment because Plaintiffs Luna and Calix's claims violate the statute of limitations. Under the FLSA, the statute of limitations "is ordinarily two years; however, a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued." *Brown v. Gulf Coast Jewish Family Servs., Inc.,* 2011 WL 3957771, at *8–9 (M.D. Fla. Aug. 9, 2011) (Porcelli, J.). At this time, the Court need not determine if the Defendants' violations were "willful" because the Defendants only argue that, even if the extended statute of limitations applies, the Plaintiff has exceeded that timeframe. (ECF No. 77 at 4) ("Thus, at most, Plaintiffs Luna and Calix are only entitled to those overtime wages earned within the FLSA's maximum three-year statute of limitations, from December 24, 2016 or 3 (three) years from the date of the filing of the Complaint.").

The Plaintiffs filed this action on December 24, 2019. The Plaintiffs allege they were employed by Defendants from 2014 through 2019. Based on a three-year statute of limitations, the Plaintiffs can only claim unpaid overtime from December 24, 2016 through the end of their employment. The Plaintiffs contend that they do not intend to seek damages outside that three-year statutory period, thus rendering Defendants' argument moot. Accordingly, the Defendants' motion is **denied** on this ground. **(ECF No. 77.)**

### B. Unpaid Overtime Wages

In Count I, Plaintiffs Luna and Calix allege that the Defendants failed to pay them overtime wages in violation of the FLSA. Their main theory is that the Defendants manipulated the Plaintiff's time records so that each pay stub inaccurately reflected the hours worked and the Defendants did not have to pay for overtime wages. The Defendants contend that summary judgment is appropriate because the Plaintiffs cannot meet their prima facie burden of proving they worked overtime and were not compensated for that effort. In support, the Defendants cite to hundreds of pages of time records and the Plaintiffs' testimony.

The FLSA generally requires employers to pay employees overtime compensation, at a rate not less than one and one-half times the regular rate, for any time worked in a workweek in excess of forty hours. *See* 29 U.S.C. § 207(a)(2)(C). To prove an overtime claim, a plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) Defendants knew or should have known of the overtime work. *Allen v. Board of Public Educ. for Bibb County,* 495 F.3d 1306, 1314–15 (11th Cir.2007). The Defendants solely argue that the Plaintiffs have failed to show that they worked overtime without compensation, thus, only the first element is at issue before the Court.

Although FLSA plaintiffs bear the burden of proving that they worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." *Allen*, 495 F.3d at 1315. It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment. *Id.* It is the employer who is in the better position to know and produce the most probative facts about the nature and amount of work performed because employees seldomly keep such records themselves. *Id.* Accordingly, in situations where the employer has failed to keep records or the records cannot be trusted, the employee satisfies her burden of proving that she performed work without compensation if she produces sufficient evidence to show the amount and extent of that work as a matter of reasonable inference. *Id.* at 1316; *see also Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1315 (11th Cir.2013) (noting that if the employer failed to keep time records, the burden on the employee to show that she worked overtime without compensation is "relaxed"). An employee can successfully shift the burden of proof by presenting his own testimony indicating the employer's time records cannot be trusted and that he worked the claimed overtime." *Centeno v. I & C Earthmovers Corp.,* 970 F.Supp.2d 1280, 1287 (S.D.Fla.2013) (O'Sullivan, M.J.). If an employer has inaccurate records and the employee cannot offer convincing substitutes, the solution is not to penalize the employee. *Allen*, 495 F.3d at 1315-16. Further, any inconsistency or uncertainty in an employee's testimony about the number of unpaid hours of work should be tested by cross-examination and left for the jury to consider. *Id.* at 1317.

The Defendants contend that the Plaintiffs are unable to demonstrate that they performed uncompensated work relying primarily on the Plaintiff's testimony and 516 pages of time records, which they assert are accurate. The Defendants' characterization of the Plaintiffs' testimony is oversimplified. Moreover, on their face, the time sheets are not an accurate representation of paid overtime. The time sheets produced by the Defendants are primarily in Spanish and thus, the Court is unable to determine their accuracy. The time sheets have been manually edited to reflect a different overtime rate than the default rate on the computer program, which calls into question their accuracy. Moreover, there are several pay stubs from 2017 that are not supported with time sheets (ECF No. 73-20.)

Moreover, the Plaintiffs' testimony calls into question the Defendants' records. For example, Plaintiff Luna testified that although some time sheets accurately represented the times she worked, others were inaccurate. She claims some records missed overtime for days that she worked seven or eight

hours of overtime but was not compensated; other records failed to account for the time she covered for another waitress for three days and that time was not included in her paycheck. (ECF No. 17-14 at 67:3-8; 77-78.) Indeed, Defendant Moreno testified that he was aware that waitresses often time covered shifts for each other. (Moreno Dep., ECF No. 73-1 at 81 at 17-25.)

Similarly, Plaintiff Calix testified that some of the pay stubs were accurate but that others were not as they did not match the hours she worked. (ECF No. 73-13 at 63:12-19.) Calix also testified that she saw the managers manipulate the hours on the computer system and that she complained to two managers Enrique Medina and Maria Moreno. (*Id.* at 67: 8-17.) Lastly, the Plaintiffs submit Nelson Garcia's sworn affidavit, in which he declares that he was a driver for the restaurant, that Defendant Moreno directed the managers to deduct his overtime hours, and that he believes the Plaintiffs' overtime hours were deducted because they worked at the restaurant at the same time. (Garcia Aff., ECF No. 73-10.)

The Court notes that the Plaintiffs were unable to provide concrete details on the certain days and hours for each uncompensated task, however, this does not require entry of summary judgment for the Defendants. *Daniels v. Sanchelima & Assocs., P.A.*, No. 1:15-CV-21321-UU, 2016 WL 4903065, at *7 (S.D. Fla. Jan. 20, 2016) (Lenard, J.); *see also Diaz v. Jaguar Restaurant Group, LLC,* 649 F. Supp 2d 1343 (S.D. Fla. 2009) (denying defendant employer's motion for summary judgment based upon plaintiff's failure to produce evidence indicating the number of overtime hours she allegedly worked) (Torres, M.J.). "Any inconsistency or uncertainty in an employee's testimony about the number of unpaid hours of work should be tested by cross-examination and left for the jury to consider." *Allen,* 495 F.3d at 1317.

### C. Unpaid Minimum Wage

In Counts II and III, the Plaintiffs allege that the Defendants failed to pay them the minimum wage owed to them. In defense, the Defendants claim that they are entitled to a tip credit because the Plaintiffs were notified that their hourly rates were less than the minimum wage because they were supplemented by tips retained by the Plaintiffs.

Under the FLSA, an employer must pay its employee a minimum wage. 29 U.S.C. § 206(a). If an employee is a "tipped employee," that is one who regularly receives more than $30 in tips, the employer may factor the employee's tips into the employee's minimum wage. 29 U.S.C. § 203(m), (t). In other words, an employer may page a tipped employee a wage below the minimum hourly wage if the employer makes up the difference with the employee's tips. This is known as taking a "tip credit." The FMWA is to be interpreted in a manner consistent with the FLSA. *Llorca v. Sheriff, Collier Cty., Fla.,* 893 F.3d 1319, 1328 (11th

Cir. 2018). Under Florida law, "[f]or tipped [e]mployees meeting eligibility requirements for the tip credit under the FLSA, [e]mployers may credit towards satisfaction of the [m]inimum [w]age tips up to the amount of the allowable FLSA tip credit in 2003." Fla. Const. Art. 10 § 24(c). As such, resolution of Defendants' entitlement to take a tip credit under the FMWA is dependent upon a determination of the FLSA claim.

An employer bears the burden of showing it is entitled to the tip credit. *Garcia v. Koning Restaurants Int'l, L.C.*, No. 12-CV-23629, 2013 WL 8150984, at *4 (S.D. Fla. May 10, 2013) (Huck, J.). To satisfy this burden, an employer must show that it has informed its tipped employees that the employer is paying her less than the hourly minimum wage to be compensated by the employee's tips, and that its employees kept all of their tips, except in cases of a valid tip pooling arrangement. *Id.* If the employer fails to satisfy either of the preconditions, then it may not claim the tip credit. *Id.*

The parties each argue that summary judgment should be entered in their favor on this issue. The parties agree that the Plaintiffs are tipped employees and that the Plaintiffs were permitted to keep their tips. (ECF No. 80 at 12-13). Accordingly, the only issue before the Court is whether the Defendants provided sufficient notice to the Plaintiffs of the tip credit.

To provide sufficient notice of section 203(m), an employer must inform its employees either verbally or in writing that it intends to use tips to satisfy part of the employer's minimum wage obligations. *P&k Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 848 (11th Cir. 2019) ("An employer may not take a tip credit unless, among other requirements, the employee "has been informed by the employer of the provisions" of the FLSA pertaining to the tip credit. *Id.* § 203(m)(2)(A)."); *see also Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 1306, 1310 (S.D. Fla. 2007) (Moreno, J.). However, an employer does not have to provide a rigorous explanation of how the tip credit works, rather, it is sufficient to inform employees of it. *Garcia*, 2013 WL 8150984, at *4; *see also Pellon*, 528 F. Supp. at 1311.

An employer can sufficiently inform its employees by providing them with written materials describing the employer's tipping policy or by prominently displaying a Department of Labor poster explaining the tip credit policy in the workplace, provided that the employees can read the materials or poster. *Garcia*, 2013 WL 8150984, at *4. An employer can also verbally explain to the employees that they would be paid a specific cash salary below the minimum wage and the remainder of their pay in tips. *Pellon*, 528 F. Supp. 2d at 1310.

The Plaintiffs argue that summary judgment should be entered precluding the Defendants from claiming a tip credit because the Defendants failed to notify the Plaintiffs of same, failed to provide a prominently placed Department

of Labor poster that the Plaintiffs could read, and failed to keep adequate records. The Defendants, in opposition and in their own motion for summary judgment, contend that the Plaintiffs were all told about the tip credit and that the appropriate signage was properly maintained. The Defendants argue that because the Plaintiffs were all notified of the tip credit and the evidence shows the Plaintiffs were accurately compensate, summary judgment should be entered in their favor.

As a preliminary matter, Plaintiff's argument that partial summary judgement should be granted because the Defendants failed to keep adequate records is unavailing. A failure to keep adequate records does not, by itself, preclude the Defendants from claiming a tip credit. *Gutierrez v. Galiano Enterprises of Miami, Corp.*, No. 17-24081-CIV, 2019 WL 2410072, at *6 (S.D. Fla. June 7, 2019) (Torres, MJ).

Moreover, a genuine issue of fact remains as to whether the Plaintiffs were provided verbal notice of the credit tip. The Plaintiffs testified that they did not understand that the minimum wage was actually higher than their hourly salary and that the difference would be compensated through tips. (Luna Dep., ECF No. 73-14 at 47:3-13, 48:5-16); (Mejia Dep., 73-12 at 64:22-65:1-11); (Calix Dep., ECF No. 73-13 at 65:1-18). Notably, the Plaintiffs' testimony is inconsistent with Alfonso's testimony, as the corporate representative, that she explained to the Plaintiffs that their hourly rate was approximately $5 plus whatever they made in tips to satisfy the minimum wage requirements. (Alfonso Dep., ECF No. 73-7 at 60:16-19, 63:13-25.) As the Plaintiffs note, Alfonso's testimony was inconsistent on this point. However, the veracity of her testimony is an issue to be determined by the jury.

There is also a factual dispute as to whether the appropriate Department of Labor poster explaining the minimum wage requirements was displayed in the restaurant. Plaintiff Luna testified that she recalled posters being displayed at the restaurant after the Department of Labor investigation providing contact information in case of an accident, however, no poster provided information on minimum wage. (ECF No. 73-14, 60:4-14.) Similarly, Plaintiff Medina testified that there were posters in the restaurant that advised who to call in case of "any mistreatment," but she did not see any posters on minimum wage or tip credit. (ECF No. 73-12, 48:14-49:7.)

On the other hand, the Defendants rely on Plaintiff Calix's testimony that he recognized a photograph of a Department of Labor poster purportedly displayed at the restaurant. However, upon closer look Calix testified that there were no posters at the restaurant that discussed minimum wage regulations, that the picture displayed at the deposition was impossible to decipher but that he recognized the black lettering. (ECF No. 73-13 at 73:18-25-74:1-2; 77:15-22.)

Indeed, the picture of the poster is impossible to read. (ECF No. 73-17.) Another point of contention is whether the poster, if displayed, was provided in Spanish, the only language the Plaintiffs can read. The Plaintiffs maintain the poster was not displayed, let alone in Spanish, but the Defendants claim that a Spanish poster was displayed at the restaurant. (Maria Moreno Dep., ECF No. 73-15 at 50:13-25.)

Because there is conflicting evidence as to whether the Defendants provided notice of the credit tip, the Defendants will not be precluded from claiming a credit tip and the Plaintiff's motion is **denied**. **(ECF No. 72.)** The Defendants' motion is likewise **denied** on this issue. **(ECF No. 77.)**

### 4. Conclusion

For the reasons set forth above, neither side has established entitlement to summary judgment as to any of the claims alleged in the operative complaint. The Court, therefore, **denies** both motions. **(ECF Nos. 72, 77.)**

**Done and ordered** at Miami, Florida, on March 4, 2021.

Robert N. Scola, Jr.
United States District Judge