United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Puerto and others, Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-25282-Civ-Scola |
| Benedicto Moreno and Rinconcito Superlatino 4, LLC, Defendants. | ) |

**Order on the Plaintiffs' Motion in Limine**

Plaintiffs Veronica Luna, Hazell Mejia, and Iris Calix initiated this action against their former employers Rinconcito Superlatino 4, LLC and Benedicto Moreno (collectively "Defendants"). The Plaintiffs assert claims for unpaid overtime wages and unpaid minimum wages under the Fair Labor Standards Acts ("FLSA") and unpaid minimum wages under the Florida Minimum Wage Act ("FMWA"). (Sec. Am. Compl., ECF No. 70.) The Plaintiffs filed the subject motion in limine seeking to exclude reference or evidence of the following: (1) attorney's fees and costs; (2) liquidated damages; (3) the relationship between the Plaintiffs and their counsel; (4) the Plaintiffs' nonpayment of federal income taxes; and (5) the Plaintiffs' immigration status. (ECF No. 96.) The Defendants filed a response in opposition in which they represent that they do not oppose the motion in limine with respect to all issues except references to the Plaintiffs' payment or nonpayment of federal income taxes. (ECF No. 97.) The Plaintiffs timely filed their reply. (ECF No. 98.) For the reasons discussed below, the Plaintiff's motion is **granted in part and denied in part**. **(ECF No. 96.)**

1. **Legal Standard**

A motion in limine is made before a trial has begun for the purpose of excluding or including certain evidence. 20 Am. Jur. Trials 441 § 2 (1973). In limine rulings are not binding on a trial court and remain subject to reconsideration during the course of trial. *Stewart v. Hooters of Am., Inc.*, 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Id.*

## 2. Discussion

The parties agree that no references will be made regarding the Plaintiff's attorney's fees or to liquidated damages. (ECF No. 98 at 1.) The parties likewise agree that the Defendants will not reference or present evidence regarding the Plaintiffs' immigration status. Accordingly, the motion is granted on these points. In their reply, the Plaintiffs clarify that they are in agreement that the Defendants may impeach them regarding their motivations for filing this action and the basis for their claims, damages but argue that this Court should preclude the Defendants from disparaging the Plaintiffs' counsel. (ECF No. 98 at 2.) There is no indication that the Defendants intend to disparage opposing counsel and thus the motion is denied on this issue.

Accordingly, the only remaining issue before the Court is whether it should preclude references or evidence regarding the Plaintiffs' nonpayment of federal income taxes.

The Plaintiffs argue that the Court should exclude any reference to the Plaintiffs' payment or nonpayment of federal income taxes and reporting of cash payments on those taxes. (ECF No. 96 at 4.) The Plaintiffs contend that their payment (or lack thereof) of income taxes is not relevant to the subject claims and is otherwise prejudicial and would confuse the jury. (ECF No. 98 at in response, the Defendants claim that the tax information should be permitted because it goes to the Plaintiffs' credibility and for impeachment purposes. (ECF No. 97 at 4.)

Although some courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b), the Court finds that under the circumstances this evidence should be precluded to avoid the dangers of unfair prejudice or jury confusion. *Ortiz v. Santuli Corp.*, No. 08-20218-CIV, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009) (Simonton, M.J.). Here, the Court is not faced with a plaintiff who *falsified* tax returns or was convicted of tax fraud or tax evasion.

The Court appreciates, as the Defendants argue, that such evidence of unpaid tax returns might speak to the Plaintiffs' credibility; however, the dangers of unfair prejudice, confusion of the issues, and misleading the jury outweigh any probative value. *Torres v. Rock & River Food Inc.*, No. 15-22882-CIV, 2016 WL 8716674, at *3 (S.D. Fla. May 11, 2016) (Scola, J.) (granting the plaintiff's motion in limine, explaining "[p]ermitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes, which would raise the issue of the Plaintiff's immigration status."); *see also Goussen v. Mendez Fuel Holdings LLC*,

No. 18-20012-CIV, 2018 WL 5831084, at *2 (S.D. Fla. Nov. 7, 2018) (Cooke, J.) (granting in part the plaintiff's motion in limine and excluding any references to the plaintiff's failure to pay income taxes). For these reasons, the Plaintiffs' motion is granted.

Notwithstanding, the Court's ruling will not preclude the Defendants' opportunity to cross-examine the Plaintiffs by asking whether they kept records of their wages. *Ortiz*, 2009 WL 2382144, at *3.

### 3. Conclusion

Accordingly, the Plaintiffs' motion in limine is granted in part and denied in part. (ECF No. 96.)

**Done and ordered** at Miami, Florida, on June 29, 2021.

_____
Robert N. Scola, Jr.
United States District Judge